UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESSE MICHAEL WALL,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Civ. A. No. 24-3621 (ABJ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS**

## **TABLE OF CONTENTS**

STANDARDS OF REVIEW ..................................................................................................1

I.     RULE 12(b)(1) .................................................................................................................1

II.    RULE 12(b)(6) .................................................................................................................2

ARGUMENT ....................................................................................................................3

I.     PLAINTIFF HAS FAILED TO ALLEGE A PLAUSIBLE CLAIM FOR RELIEF ..........3

II.    PLAINTIFF'S FTCA CLAIM IS BARRED BY SOVERIGN IMMUNITY. ...................4

III.   PLAINTIFF'S CLAIM BASED UPON THE HATE CRIME PREVENTION ACT
       SHOULD BE DISMISSED. .............................................................................................5

CONCLUSION ..................................................................................................................6

# **TABLE OF AUTHORITIES**

*Alliance for Democracy v. FEC*,
  362 F. Supp. 2d 138 (D.D.C. 2005) ................................................................................2
*Am. Nat'l Ins. Co. v. FDIC*,
  642 F.3d 1137 (D.C. Cir. 2011) ......................................................................................1
*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................... 2, 3, 4
*Atherton v. D.C. Office of Mayor*,
  567 F. 3d 672 (D.C. Cir. 2009) ......................................................................................2
*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................... 2, 3
*Brown v. Califano*,
  75 F.R.D. 497 (D.D.C. 1977) .........................................................................................4
*FDIC v. Meyer*,
  510 U.S. 471 (1994) .......................................................................................................5
*Flatow v. Islamic Republic of Iran*,
  74 F. Supp. 2d 18 (D.D.C. 1999) ...................................................................................5
*Food & Water Watch, Inc. v. Vilsack*,
  808 F.3d 905 (D.C. Cir. 2015) .......................................................................................1
*Gustave-Schmidt v. Chao*,
  226 F. Supp. 2d 191 (D.D.C. 2002) ................................................................................3
*Herbert v. Nat'l Academy of Scis.*,
  974 F.2d 192 (D.C. Cir. 1992) .......................................................................................2
*Hinton v. Corr. Corp. of Am.*,
  624 F. Supp. 2d 45 (D.D.C. 2009) .................................................................................3
*Jackson v. Bush*,
  448 F. Supp. 2d 198 (D.D.C. 2006) ...............................................................................5
*Jarrell v. Tisch*,
  656 F.Supp. 237 (D.D.C. 1987) .....................................................................................3
*Kowal v. MCI Comms. Corp.*,
  16 F.3d 1271 (D.C. Cir. 1994) .......................................................................................3
*Lane v. Pena*,
  518 U.S. 187 (1996) .......................................................................................................4
*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992) .......................................................................................................2
*Orff v. United States*,
  545 U.S. 596 (2005) .......................................................................................................5
*Stoddard v. Wynn*,
  68 F. Supp. 3d 104 (D.D.C. 2014) .................................................................................5
*Thomas v. Principi*,
  394 F.3d 970 (D.C. Cir. 2005) .......................................................................................1
*Tri-State Hosp. Supply Corp. v. United States*,
  341 F.3d 571 (D.C. Cir. 2003) .......................................................................................5
*United States v. Nordic Vill., Inc.*,
  503 U.S. 30 (1992) .........................................................................................................5

*United States v. Williams*,
  514 U.S. 527 (1995) ....................................................................................................5
*Vanover v. Hantman*,
  77 F. Supp. 2d 91 (D.D.C. 1999) ................................................................................3

**Statutes**

28 U.S.C. § 1346..................................................................................................................12
28 U.S.C. § 1442...............................................................................................................7, 8
28 U.S.C. § 1658..................................................................................................................11
28 U.S.C. § 2675..................................................................................................................12
28 U.S.C. § 2680..........................................................................................................13, 14

**Rules**

Federal Rules of Civil Procedure 8(a).................................................................................9, 11
Federal Rules of Civil Procedure 12(b)(1) ......................................................................8, 9, 13
Federal Rules of Civil Procedure 12(b)(6) ......................................................................8, 9, 10

Plaintiff, Jesse Michael Wall, proceeding *pro se*, filed a Complaint seeking relief under the Federal Tort Claims Act ("FTCA") on the grounds that certain employees of Defendant, the United States of America, have treated him in a manner that allegedly violates the Civil Rights Act of 1964. *See generally* Compl. (ECF No. 1). In addition, Plaintiff claims that "agents" of the United States have "committed acts of violence or intimidation based on [his] being a white mixed gay man, in violation of [18 U.S.C. § 249]" or the Matthew Shepard and James Byrd, Jr. Hate Crimes Prevention Act ("Hate Crimes Prevention Act"). *Id*. There is no doubt, however, that Plaintiff's Complaint is afflicted by multiple deficiencies justifying dismissal. First, his Complaint fails to articulate any plausible claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6). Second, the United States has not waived its sovereign immunity under the FTCA as to any claim arising out of the Civil Rights Act of 1964 or the Hate Crimes Prevention Act. And finally, the Hate Crimes Prevention Act does not provide any plaintiff with a private cause of action against the federal government. As such, Plaintiff's Complaint should be dismissed.

## STANDARDS OF REVIEW

I.   **RULE 12(b)(1)**

When evaluating a Rule 12(b)(1) motion to dismiss, courts "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)).  Courts need not accept legal conclusions or inferences that are unsupported by the facts alleged in the complaint. *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 913 (D.C. Cir. 2015).  Each plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).  To determine the existence of

subject matter jurisdiction, courts may look beyond the complaint's allegations, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992); *see also Alliance for Democracy v. FEC*, 362 F. Supp. 2d 138, 142 (D.D.C. 2005) ("[I]n deciding a Rule 12(b)(1) motion, it is well established in this Circuit that a court is not limited to the allegations in the complaint, but may also consider materials outside of the pleadings[.]").

## II.    RULE 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Rule 8(a), "in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 12(b)(6) authorizes parties to challenge the sufficiency of a complaint on the ground that it "fail[s] to state a claim upon which relief can be granted." When presented with a Rule 12(b)(6) motion, the district court must accept as true the well-pleaded factual allegations contained in the complaint. *Atherton v. D.C. Off. of Mayor*, 567 F. 3d 672, 681 (D.C. Cir. 2009).

Although "detailed factual allegations" are not necessary to withstand a motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Twombly*, 550 U.S. at 557). Instead, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The

2

tenet that a court must accept allegations as true does not apply to recitals of the elements of a cause of action supported only by conclusory statements. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555); *Kowal v. MCI Comms. Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) ("[T]he court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint . . . [n]or must the court accept legal conclusions cast in the form of factual allegations.").

When ruling on a Rule 12(b)(6) motion, the Court may consider "facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint," *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002), and "documents upon which the plaintiff's complaint necessarily relies even if the document is not produced by the plaintiff in the complaint but by the defendant in a motion to dismiss," *Hinton v. Corr. Corp. of Am.*, 624 F. Supp. 2d 45, 46 (D.D.C. 2009) (internal quotation omitted). "[W]here a document is referred to in the complaint or is central to the plaintiff's claims, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment." *Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999).

## ARGUMENT

**I.      PLAINTIFF'S CLAIMS ARE PATENTLY INSUBSTANTIAL**

This Court lacks subject matter jurisdiction over Plaintiff's claims against the United States because they are "'patently insubstantial,' presenting no federal question suitable for decision." *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). Moreover, *pro se* litigants, like all parties, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction

[and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." *See Iqbal*, 556 U.S. at 678-79. The Rule 8(a) standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of res judicata applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Plaintiff's Complaint does not satisfy these requirements.

Indeed, Plaintiff's Complaint consists entirely of fantastical allegations. These include, *inter alia*, his apparent loss $10,000,000.00 in wages because of a supposedly violent encounter with the U.S. Marshals Service (despite being, by his own admission, homeless); his personal status as a "foreign dignitary" under the terms of the Treaty of Guadalupe Hidalgo; and even his personal status as a "TREATY COUNTRY…under foreign sovereignty like Ukraine." *See generally* Compl. (ECF No. 1) at 3-6. Given the evident insubstantial, incoherent and implausible nature of the allegations, the United States respectfully requests that Plaintiff's Complaint be dismissed in its entirety for lack of subject matter jurisdiction. *See Tooley*, 586 F.3d at 1009; *Hagans v. Lavine*, 415 U.S. 528, 536-7 (1974) ("federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit'" (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)).

## II. PLAINTIFF'S FTCA CLAIM IS BARRED BY SOVERIGN IMMUNITY.

This Court also lacks subject-matter jurisdiction because the United States is immune from Plaintiff's tort claim. The United States has sovereign immunity unless Congress unequivocally waives it. *Lane v. Pena*, 518 U.S. 187, 192 (1996). "The doctrine of sovereign immunity provides that the Federal Government can be sued only insofar as it has agreed to be sued." *Stoddard v. Wynn*, 68 F. Supp. 3d 104, 112 (D.D.C. 2014) (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)).

Such consent may not be implied; it must be "unequivocally expressed." *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33–34 (1992). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Meyer*, 510 U.S. at 475. "[P]laintiff must overcome the defense of sovereign immunity in order to establish the jurisdiction necessary to survive a Rule 12(b)(1) motion to dismiss." *Jackson v. Bush*, 448 F. Supp. 2d 198, 200 (D.D.C. 2006) (citing *Tri-State Hosp. Supply Corp. v. United States*, 341 F.3d 571, 575 (D.C. Cir. 2003)). "[A]ny ambiguities in the statutory text must be resolved in favor of immunity." *United States v. Williams*, 514 U.S. 527, 531 (1995); *see Orff v. United States*, 545 U.S. 596, 601–02 (2005). For example, to sustain a claim for monetary damages against the United States, the waiver of sovereign immunity "must extend unambiguously to such monetary claims." *Flatow v. Islamic Republic of Iran*, 74 F. Supp. 2d 18, 20-21 (D.D.C. 1999) (quoting *Nordic Vill.*, 503 U.S. at 34). In short, sovereign immunity operates as a jurisdictional bar to suit unless there is an explicit waiver of such immunity. *See Flatow,* 74 F. Supp. 2d at 21.

Here, the United States has not consented under the FTCA to be sued for claims based on purported violations of the Civil Rights Act of 1964. *See generally* 28 U.S.C. § 2680(h) (reflecting that the FTCA only provides a waiver of sovereign immunity for a limited number of common-law tort claims). Count I of Plaintiff's Complaint thus improperly advances an FTCA claim based upon the supposed "violat[ion]" of his rights "under the Civil Rights Act of 1964." Compl. (ECF No. 1) at 4. Therefore, sovereign immunity offers an additional basis for dismissing this case for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1).

### III.  PLAINTIFF'S CLAIM BASED UPON THE HATE CRIME PREVENTION ACT SHOULD BE DISMISSED.

Finally, Count II of Plaintiff's Complaint appears to allege that he is owed relief because of the United States's purported violation of the Hate Crime Prevention Act, which he believes

creates a private right of action against the federal government. Compl. (ECF No. 1) at 5. Yet, "[t]he Supreme Court has 'rarely implied a private right of action under a criminal statute,'" *Lee v. United States Agency for Int'l Dev.*, 859 F.3d 74, 77 (D.C. Cir. 2017) (quoting *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979), and courts consistently have held that the Hate Crimes Prevention Act "does not provide a private right of action for a civil suit[.]" *Christian v. Democratic Party*, Civ. A. No. 25-613 (TSC), 2025 WL 1305681, at *1 (D.D.C. 2025) (quoting *Fan v. 18th Police Precinct*, Civ. A. No. 24-8910, 2025 WL 743866, at *4 (S.D.N.Y. Mar. 6, 2025)); *see also Black v. McCormick*, Civ. A. No. 19-0581, 2019 WL 4744947, at *3 (S.D.W.Va. Sept. 6, 2019) ("the Hate Crimes Act is a criminal statute that does not provide a private cause of action") (collecting cases)). Accordingly, Plaintiff's Complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant this motion and dismiss Plaintiff's Complaint in its entirety.

Dated: July 22, 2025
       Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Fithawi Berhane*
    FITHAWI BERHANE
    Assistant United States Attorney
    601 D Street NW
    Washington, DC 20530
    (202) 252-6653
    Fithawi.Berhane@usdoj.gov

*Attorneys for the United States of America*