UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESSE MICHAEL WALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 24-3621 (ABJ) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

This matter is before the Court on defendant's motion to dismiss the complaint (ECF No. 15). For the reasons discussed below, the Court **GRANTS** the motion in part and **DENIES** the motion in part without prejudice.

**I.     BACKGROUND**

    **A.     Procedural History**

Plaintiff filed what he styles as a complaint for Hate Crime under the Federal Tort Claims Act (ECF No. 1, "Compl.") on December 30, 2024. Defendant filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6) with a supporting memorandum (ECF No. 15-1, "Def.'s Mem.") on July 22, 2025. On that same date, the Court issued an Order (ECF No. 16) advising plaintiff to respond to the motion by August 22, 2025. Plaintiff filed his opposition (ECF No. 17, "Pl.'s Opp'n") on July 24, 2025, and defendant filed a reply (ECF No. 18, "Reply") on July 31, 2025.

### B.     Plaintiff's Factual Allegations

Plaintiff, who identifies as "a white, mixed race[] (African, Asian, European, Indigenous by TREATY) LGBTQ GAY man," Compl. at 2 (page numbers designated by CM/ECF), claims to have been "the victim of a hate crime." *Id*. He describes the incident as follows:

> On 12/29/2023, the Plaintiff was the victim of a hate crime that involved a threat like of actions that happened to Mathew Shepard, was threatened to be "drag you on the ground" assaulted by US MARSHAL female, physical harm after such threat against perceived gay person, in the nose causing bleeding, and then smashed into the ground, violently handcuffed, and shook horizontal like a yo-yo, causing need for treatment of concussion. From jostling of brain, by violent yo-yo movements.

*Id*. at 2-3. Plaintiff deems this an assault in "violation of . . . rights under federal civil rights law, including hate crime statutes," *id*. at 2; *see id*. 4-5, and a violation of assorted provisions of the United States Constitution. *See id*. at 2. Specifically identified, *see id*. at 2, is Title VI of the Civil Rights Act of 1964 which provides:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d. In addition, *see* Compl. at 4, plaintiff invokes Title II, which provides in part:

> All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

42 U.S.C. § 2000a(a).

On June 28, 2024, plaintiff submitted an administrative tort claim to the United States Marshals Service. Compl. at 2; *see id*., Ex. (ECF No. 1-1 at 1-7). He did not receive a response within six months. *See* Compl. at 3.

2

In Count I, plaintiff asserts that the United States "is liable for the wrongful acts of its agents," *id*., one of whom "violated [his] rights under the Civil Rights Act of 1964 . . . and other relevant civil rights laws, by engaging in discriminatory practices based on [plaintiff] being a mixed white gay man [who was] attacked by a black female in hate, and further attacked by several other black US Marshals in hate." *Id*. In Count II, plaintiff asserts that "Defendant's agents committed acts of violence or intimidation based on [his] being a white mixed gay man, in violation of [18] U.S.C. § 249, the Federal Hate Crime statute." *Id*. at 5. Plaintiff claims to have sustained physical injury, emotional distress, and financial harm, *see id*. at 4, 5, and he demands an award of $17 million, plus $51 million in punitive damages. *See id*. at 5.

## II.   LEGAL STANDARDS

### A.   Subject Matter Jurisdiction

A plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibley Int'l Corp*., 217 F. Supp. 2d 59, 63 (D.D.C. 2002). While the Court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting [the] plaintiff the benefit of all inferences that can be derived from the facts alleged,'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)), it need not limit itself to considering the allegations of the complaint, and instead "may consider such materials outside the pleadings as it deems appropriate to resolve the question of whether it has jurisdiction to hear the case." *Scolaro v. District of Columbia Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000) (citing *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992)); *see also Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

**B.     Failure to State a Claim Upon Which Relief Can Be Granted**

A plaintiff need only provide a "short and plain statement of [his] claim showing that [he is] entitled to relief," FED. R. CIV. P. 8(a)(2), that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). To withstand a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Wood v. Moss*, 572 U.S. 744, 757–58 (2014). A facially plausible claim pleads facts that are not "'merely consistent with' a defendant's liability" but that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556); *see Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015) ("Plausibility requires more than a sheer possibility that a defendant has acted unlawfully[.]").

The Court must consider the entire complaint, with all factual allegations accepted as true, "even if doubtful in fact." *Twombly*, 550 U.S. at 555; *see also Marshall's Locksmith Serv. Inc. v. Google, LLC*, 925 F.3d 1263, 1265 (D.C. Cir. 2019). The Court cannot, however, "assume the truth of legal conclusions, nor [does it] 'accept inferences that are unsupported by the facts set out in the complaint.'" *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015) (alteration in original) (internal citation omitted) (quoting *Islamic Am. Relief Agency v. Gonzales*, 477 F.3d 728, 732 (D.C. Cir. 2007)); *see Iqbal*, 556 U.S. at 681 (stating that conclusory allegations are "not entitled to be assumed true").

In applying these standards to pleadings filed by *pro se* litigants, the Court must consider the complaint "in light of all filings, including filings responsive to a motion to dismiss." *Johnson*

*v. District of Columbia*, 927 F.3d 539, 541 (D.C. Cir. 2019) (quoting *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) (per curiam) (internal quotation marks omitted)). In addition, a *pro se* complaint must "be liberally construed' and 'held to less stringent standards than formal pleadings drafted by lawyers." *Bowman v. Iddon*, 848 F.3d 1034, 1039 (D.C. Cir. 2017) (citation and internal quotation marks omitted)). Nonetheless, a *pro se* plaintiff is not excused from complying with applicable procedural rules and "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. 678); *see also Jones v. Horne*, 634 F.3d 588, 595 (D.C. Cir. 2011).

## III. DISCUSSION

### A. Plaintiff's Claims Are Not *All* "Patently Insubstantial"

Defendant first moves to dismiss on the ground that plaintiff's claims are patently insubstantial, such that the complaint does not present a federal question suitable for the Court's consideration. *See* Def.'s Mem. at 7 (page numbers designated by CM/ECF). To be sure, the complaint does contain fanciful allegations, such as plaintiff's claim to be "foreign representative" over whom no State has jurisdiction," Compl. at 3, or plaintiff's reference to himself as "the elected and documented Ambassador of the John August Wall Territory," with "diplomatic status." Pl.'s Opp'n at 2. But dismissal of the entire complaint on the basis of a handful of fanciful allegations is not warranted, as plaintiff's allegations regarding the assault are not "so attenuated and unsubstantial as to be absolutely devoid of merit." *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904).

### B. Federal Tort Claims Act Claims

"The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *see United States v. Mitchell*, 445 U.S. 535, 538 (1980). "A waiver of sovereign immunity 'cannot be implied, but must be unequivocally expressed.'" *Mitchell*, 445 U.S. at 538 (quoting *United States v. King*, 395 U. S. 1, 4 (1969)); *see Lane v. Peña*, 518 U.S. 187, 192 (1996); *United States v. Dalm*, 494 U.S. 596, 608 (1990). The Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§ 1346, 2671-80, operates as a limited waiver of sovereign immunity which renders the United States amenable to suit for certain, but not all, tort claims. 28 U.S.C. §§ 1346(b), 2674; *see Richards v. United States*, 369 U.S. 1, 6 (1962).

#### 1. Civil Rights Violations

Defendant moves to dismiss Count I, arguing that the Court lacks subject matter jurisdiction because the doctrine of sovereign immunity bars plaintiff's claim "based on purported violations of the Civil Rights Act of 1964." Def.'s Mem. at 9. This is a correct statement of the law; there has been no clear and unequivocal waiver of the federal government's immunity for a violation of any provision of the United States Constitution or the Civil Rights Act of 1964. "[T]he United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 477 (1994); *see Goode v. U.S. Dep't of Homeland Sec.*, 815 F. App'x 643, 645 (3d Cir. 2020) (affirming dismissal of claims arising under United States Constitution, Title II of the Civil Rights Act of 1964, and the New Jersey Law Against Discrimination because "the United States has not 'unequivocally expressed' its waiver of sovereign immunity") (quoting *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999)); *Castro v. United States*, 34 F.3d 106, 110 (2d Cir. 1994) (affirming district court holding that United States has not waived sovereign immunity with respect to claims that its employees

committed constitutional torts); *Benoit v. U.S. Dep't of Agric.*, 577 F. Supp. 2d 12, 26 (D.D.C. 2008) (dismissing claims under Fifth and Fourteenth Amendments to the United States Constitution, Section 1981 of the Civil Rights Act of 1964 and the Administrative Procedure Act as barred by sovereign immunity), *aff'd*, 608 F.3d 17 (D.C. Cir. 2010).

Therefore, the Court will **GRANT IN PART** defendant's motion to dismiss Count I of the complaint to the extent it alleges constitutional tort claims.

### 2. Intentional Torts

#### a. Law Enforcement Proviso

As stated above, the FTCA waives the United States' immunity for certain, but not all, tort claims. Specifically excluded from the waiver are claims "arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h).

Plaintiff maintains, though, that "assault, battery, false imprisonment, false arrest, abuse of process, and malicious prosecution are actionable under the FTCA when committed by federal law enforcement officers acting within the scope of employment." Pl.'s Opp'n at 1. Thus plaintiff invokes what the Supreme Court called the "law enforcement proviso," *Millbrook v. United States*, 569 U.S. 50, 52 (2013), which extends the FTCA's waiver of sovereign immunity to those six types of intentional tort claims when they are "based on the 'acts or omissions of investigative or law enforcement officers.'" *Id.* (quoting 28 U.S.C. § 2680(h)). The FTCA defines the term "investigative or law enforcement officer" as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C. § 2680(h). The United States Marshals Service is a federal law enforcement agency within the Department of Justice, operating under the authority of the Attorney General of the United

States, *see* 28 U.S.C. § 561, and its role includes, among other things, apprehending federal fugitives.  Moreover, plaintiff has alleged that he was assaulted in the course of an arrest, *see* Pl.'s Opp'n at 1, and therefore, the Deputy United States Marshals allegedly involved would be considered law enforcement officers for purposes of the FTCA.

### b. Presentment Requirement

"The FTCA contains a claim presentment requirement that is a jurisdictional prerequisite to filing suit." *Smith v. United States*, 157 F. Supp. 3d 32, 37 (D.D.C. 2016) (citing 28 U.S.C. § 2675(a) and *GAF Corp. v. United States*, 818 F.2d 901, 917 (D.C. Cir. 1987)).  "In this Circuit, a claim is considered adequately presented when a claimant provides the agency with (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum-certain damages claim." *Tookes v. United States*, 811 F. Supp. 2d 322, 331 (D.D.C. 2011) (citation and internal quotation marks omitted).  "The standard for sufficient notice under the FTCA is minimal." *Id.* (citing *GAF Corp.*, 818 F.2d at 920).

Plaintiff represents that he submitted an administrative tort claim on June 28, 2024. *See* Compl. at 2.  Notwithstanding the rambling and disorganized nature of the administrative tort claim, and inclusion of far-fetched assertions of diplomatic status, plaintiff managed to put defendant on notice of intentional tort claims.  He describes (albeit briefly and in vague terms) the December 29, 2023, incident and his subsequent transport to a hospital, *see* Compl., Ex. at 4-5, claims to have sustained injuries, *see, e.g.*, *id.*, Ex. at 1, 7, and demands damages of $10 million, *see id.*, Ex. at 1.

Defendant has not identified grounds to dismiss the intentional tort claims, and, for now, they may proceed.

### C.    Hate Crime Prevention Act Claim

Defendant moves to dismiss Count II of the complaint, *see* Def. Mem. at 9-10, because there is no private right of action under the Matthew Shepard and James Byrd Jr. Hate Crimes Prevention Act of 2009. *See* 18 U.S.C. § 249. Plaintiff does not mention the Hate Crimes Prevention Act in his opposition, *see generally* Pl.'s Opp'n, and there is ample support for defendant's position. *See Trombetti v. Borough*, No. 25-cv-1362, 2025 WL 1644490, at *4 n.71 (E.D. Pa. June 9, 2025) (dismissing as frivolous claims under criminal statutes, including 18 U.S.C. § 249, which "do not give rise to a basis for civil liability"); *Fan v. 18th Police Precinct*, No. 24-cv-8910 (LTS), 2025 WL 743866, at *4 (S.D.N.Y. Mar. 6, 2025) ("Plaintiff cannot assert a claim under the Hate Crimes Prevention Act, however, because it does not provide a private right of action for a civil suit, but rather is a criminal statute that can only be enforced by the federal government."); *Clendenin v. Keeley*, No. 1:23-cv-0145, 2023 WL 2643501, at *4 (W.D. Mich. Mar. 27, 2023) (dismissing claim under the Hate Crimes Prevention Act which does not authorize a private right of action); *Everage v. Cent. Broad. Sys. Corp., Inc.*, No. 7:18-cv-0102-KKC, 2019 WL 1063367, at *2 (E.D. Ky. Mar. 6, 2019) ("[T]he Hate Crimes Prevention Act, 18 U.S.C. § 249, provides criminal penalties for crimes involving race, religion, national origin, gender, sexual orientation, gender identity, or disability. But the statute does not authorize a private right of action.") (collecting cases); *see also Christian v. Democratic Party*, 25-cv-0613 (UNA), 2025 WL 1305681, at *1 (D.D.C. Apr. 30, 2025) (noting plaintiff's failure to "point[] to language in 18 U.S.C. § 249, criminalizing 'Hate crime acts,' that creates a private right of action"), *aff'd*, No. 25-7074 (D.C. Cir. Nov. 14, 2025).

Therefore, the Court **GRANTS** defendant's motion to dismiss Count II of the complaint.

## IV. CONCLUSION

The Court concludes that sovereign immunity bars plaintiff's constitutional tort claims and that there is no private right of action under the Hate Crimes Prevention Act.

Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [15] is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's constitutional tort and Hate Crimes Prevention Act claims are **DISMISSED**, but as to the allegations of intentional torts committed against plaintiff by Deputy U.S. Marshals, the motion is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

/s/
AMY BERMAN JACKSON
United States District Judge

DATE: November 26, 2025